# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAREN DEANE,**
                        **Plaintiff,**

**-vs-**                                            **Case No. 6:08-cv-1960-Orl-18DAB**

**INT'L LODGING & ENTERTAINMENTS, INC.,**
**MOHAN C. ANAND,**
                        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO DISMISS (Doc. No. 19)** |
| **FILED:** | **April 2, 2009** |
| **THEREON** it is **ORDERED** that the motion is **DENIED, without prejudice**. | |
| **MOTION:** | **MOTION TO APPROVE SETTLEMENT AND AWARD OF ATTORNEY'S FEES (Doc. No. 21)** |
| **FILED:** | **April 7, 2009** |
| **THEREON** it is **ORDERED** that the motion is **DENIED, without prejudice**, as set forth herein. | |

From these papers and the Order of the District Judge (Doc. No. 22), the current state of this action is that Plaintiff is proceeding *pro se,* and Plaintiff's counsel's representation has been terminated. As counsel filed the April 7, 2009 motion after he was terminated by his client, that motion is without authority and is therefore **denied**.

On the merits of Plaintiff's motion, Plaintiff and Defendant purport to have reached an agreement without the benefit of either counsel. The agreement, however, does not appear to include compensation for attorney's fees, nor is there a basis stated for finding the proposed settlement (which is over $9,000 *less* than her purported claim) to be a "fair and reasonable resolution of a bona fide dispute." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114). The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Moreover, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v.*

*Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery.

Here, there is no evidence to support a finding that the payment of less than one tenth of Plaintiff's original claim, and with no provision for attorney's fees and costs, is "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."[1] Absent a showing that this "agreement" comports with the requirements of the Fair Labor Standards Act, it cannot be approved. As the motion to dismiss is based on the fact that the parties have "settled" and the Court cannot approve the settlement, the motion is **denied.**

This leaves the state of the litigation as follows: Plaintiff, representing herself, may choose to continue to prosecute this action on its merits, or may choose to settle the matter. To the extent the parties choose to settle the matter, they are advised that, pursuant to applicable law, the Court must review the settlement for fairness and the Court will not approve any settlement that does not set forth a reasoned basis for the compromise. Plaintiff is further advised that her termination of her counsel's services does not cancel any obligation she may have (pursuant to contract or otherwise) to compensate her attorney and nothing in this Order shall prevent Mr. Leach from filing appropriate papers to reflect his interest in the matter.

**DONE** and **ORDERED** in Orlando, Florida on April 9, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] This is not to say that the parties must settle as to the amount of attorney's fees and costs. As set forth herein, the parties may settle with respect to the FLSA claim only, and leave the determination of an appropriate fee and cost award to the Court, on proper motion.

Copies furnished to:

Counsel of Record
Unrepresented Parties